IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-00213-01-CR-W-HFS |
| ) | |
| CHARLES JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending is Defendant's Motion to the Magistrate Court to Reconsider Its Order of Detention and to Set Conditions of Release. Doc. 10. The Government filed its Opposition on September 13, 2021. Doc. 17. Defendant did not file a reply, and the time for doing so has passed. L.R. 7.0(c). After carefully reviewing the record and the parties' briefing, the Court finds Defendant's motion should be DENIED.

**I.  Background**

On August 5, 2021, Defendant was charged by criminal complaint with being a felon in possession of a firearm.[1] Doc. 1. The complaint was accompanied by an affidavit prepared by Special Agent Elizabeth Gentry. Doc. 1-1. On August 10, 2021, United States Magistrate Judge Lajuana M. Counts conducted a detention hearing. Doc. 9. After considering the evidence and the arguments of the parties, Judge Counts found there were no conditions or combination of conditions that would reasonably assure Defendant's appearance and the safety of any other person and the community. Doc. 8. Judge Counts ordered Defendant detained pending further proceedings in this case. *Id.*

---

[1] Defendant was subsequently charged by grand jury indictment with the same offense. Doc. 11. The indictment was returned on August 31, 2021, after the detention hearing was conducted in this matter.

The detention order cited several factors, including the weight of the evidence against Defendant; a potential lengthy period of incarceration if he is convicted; his prior criminal history; his participation in criminal activity while on probation, parole, or supervision; his history of violence or use of weapons; his history of alcohol or substance abuse; his lack of stable employment; his lack of stable residence, his prior failure to appear in court; his background information was not known or verified; and his prior violations of probation, parole, or supervised release. *Id.* at 2-3. The detention order also noted the Court's concern with the nature of Defendant's prior convictions, his conduct violations while incarcerated, and his actions at the time of his arrest in this case. *Id.* at 3. The order also referenced that Defendant presented no home plan if he were to be released. *Id.*

On August 30, 2021, Defendant moved for reconsideration of the detention order. Doc. 10. In his motion, Defendant averred that towards the conclusion of the detention hearing, "the Court advised it would reconsider its detention order if Mr. Johnson could provide a viable home plan." Doc. 10 at 1. Attached to the motion was an internal memorandum indicating Defendant's wife, Monica Johnson, would be willing to have Defendant reside at her home. Doc. 10-1.

The Government filed its Opposition on September 13, 2021. Doc. 17. The Government summarized Defendant's criminal history, which includes convictions for unlawful use of a weapon, second degree murder, and armed criminal action. *Id.* at 3. It observed that Defendant has had numerous contacts with law enforcement, conduct violations while in prison, and parole violations upon release. *Id.* The Government also referenced the affidavit of and testimony from Special Agent Gentry who detailed Defendant's failure to comply with law enforcement commands at the scene of his arrest in the instant case. *Id.* at 4. More particularly, the affidavit described police being called to a report of shots fired and observing multiple individuals suffering from gunshot wounds. Doc. 1-1 at 2. The affidavit stated Defendant was in a vehicle with a rifle

2

in plain sight, officers requested him to exit the vehicle, he did not comply with the verbal commands, and police had to remove him from the vehicle. *Id.* at 2. The Government contends Defendant's motion to reconsider "does little by way of reasonably assuring his appearance in this matter in the future or for assuring that he will not endanger the safety of any other person or the community if released." Doc. 17 at 4.

## II. Discussion

18 U.S.C. § 3142(f) provides for a detention hearing to be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." By its express terms, this provision applies to reconsideration of a detention order and provides that reconsideration is permissible "only when there is new information that would materially influence the judgment" concerning potential flight risk and potential harm to any other person or the community. *United States v. Cisneros,* 328 F.3d 610, 614 (10th Cir. 2003).

Based on the record before it, the Court finds the additional information regarding Defendant's proffered home plan does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community. The Court further finds that the additional information does not warrant reopening the detention hearing.

Defendant is charged with a serious crime and faces a lengthy period of incarceration if found guilty. Judge Counts found, and the undersigned agrees, that the evidence against Defendant presented at the combined preliminary hearing and detention hearing is strong. Defendant is alleged to have been present in a vehicle while possessing a rifle. According to the affidavit, the

vehicle was parked in an area where police were called due to a report of shots being fired, and a victim of an apparent gunshot wound was near the vehicle. The affidavit indicated Defendant was non-compliant with verbal commands, and the police had to remove him from the vehicle. Further, the evidence established Defendant had prior felony convictions for unlawful use of a weapon, second degree murder, and armed criminal action. He also had numerous other municipal court matters, contacts with law enforcement, institutional conduct violations, and supervision violations. The evidence also showed Defendant has a significant drug abuse problem.

The information in the pending motion to reconsider does not negate or alleviate the Court's concerns about flight risk and the safety of the community. A home plan does not address Defendant's significant criminal history, some of which involved weapons and crimes of violence. The proposed home plan does not discuss the concerns identified by the Court regarding Defendant's poor conduct while in prison and on supervision. Further, the facts of the instant case justify the concerns the Court identified in its initial detention order. The newly proffered information concerning a home plan does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of Defendant at future court proceedings and the safety of other persons and the community. Based on its careful review of the entire record, the Court finds that continued detention is warranted.

Based on the foregoing, Defendant's Motion to the Magistrate Court to Reconsider Its Order of Detention and to Set Conditions of Release (Doc. 10) is **DENIED**. Defendant shall remain detained in the custody of the United States Marshal pending further proceedings in this case.

**IT IS SO ORDERED.**

DATE: October 1, 2021        /s/ W. Brian Gaddy
                              W. BRIAN GADDY
                              UNITED STATES MAGISTRATE JUDGE